# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED, | )<br>)<br>) |
|        Plaintiff, | )   Case No. 09 C 4486<br>) |
| v. | )   Hon. George W. Lindberg<br>) |
| REALTIME DATA, LLC D/B/A IXO, | )<br>) |
|        Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Realtime Data, LLC's ("Realtime") motion to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2). Plaintiff Chicago Board Options Exchange, Incorporated ("CBOE") filed the instant declaratory judgment suit on July 24, 2009. The CBOE is a Delaware corporation with its principal place of business in Chicago, Illinois. In its complaint, the CBOE seeks a declaratory judgment that it has not infringed four of Realtime's data compression patents ("data compression patents"). Realtime is a New York limited liability company with its principal place of business in New York.

This Court must dismiss the complaint if it lacks personal jurisdiction over Realtime. FED. R. CIV. P. 12(b)(2); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). The Court's personal jurisdiction is measured by the jurisdictional reach of the Illinois state courts. *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1341 (Fed. Cir. 2008). Under Illinois law, that reach is the limits of the Due Process Clause. 735 ILCS § 5/2-209(c) (2008). In other words, the Court has personal jurisdiction over Realtime if Realtime has

sufficient minimum contacts with Illinois such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)(internal quotation marks omitted). To establish minimum contacts, the CBOE has the burden of making a prima facie showing of either general or specific jurisdiction. *Avocent*, 552 F.3d at 1328, 1330.

The CBOE concedes that this Court does not have general jurisdiction over Realtime. Therefore, our analysis is limited to whether the CBOE has met its burden of making a prima facie showing of specific jurisdiction. The Court has specific personal jurisdiction over Realtime if Realtime (1) "purposely directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Avocent*, 552 F.3d at 1332. In a declaratory judgment action seeking a declaration of noninfringement of a patent, specific jurisdiction "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *Avocent*, 552 F.3d at 1336. The Court must determine whether "the defendant patentee purposefully directed [enforcement] activities at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities." *Id*. at 1332. Examples of actions that relate to enforcement activities include "initiating judicial or non-judicial patent enforcement within the forum, or entering into an exclusive licensing agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id*. (collecting cases).

The CBOE does not allege, and there is no evidence before the Court that Realtime has ever attempted to enforce, or license the disputed data compression patents in Illinois. The CBOE's sole argument in support of its claim that this Court has specific personal jurisdiction

2

over Realtime is that Realtime sought to enforce the disputed data compression patents against several Chicago financial entities, including the CBOE, in a Texas court. According to the CBOE, even though the lawsuit was filed in Texas, it could have a severe and potentially detrimental effect on Chicago residents thus providing sufficient grounds to find the existence of specific personal jurisdiction as to Realtime.

On July 22, 2009, Realtime filed a patent infringement lawsuit, alleging infringement of its data compression patents. The original named defendants in that suit included the Options Price Reporting Authority ("OPRA"). The CBOE is a constituent of OPRA, owns a one-seventh interest in OPRA, and elects members to the OPRA board. Realtime did not name the CBOE as a defendant in the original complaint, but filed an amended complaint on July 27, 2009, which included the CBOE as a named defendant.

Resolution of this motion turns on whether Realtime's decision to file the patent enforcement action in Texas on July 22, 2009 was an attempt to purposefully direct enforcement activities at residents of Illinois. Citing to *PharmaNet, Inc. v. DataSci Ltd. Liability Co.*, the CBOE argues that the answer is "yes" and that the motion to dismiss should be denied. 2009 WL 396180 (D.N.J. Feb. 17, 2009). Realtime disagrees, relying on the Federal Circuit's decision in *Avocent*, 552 F.3d 1324. Federal Circuit law governs the resolution of personal jurisdiction questions in patent infringement cases. *See Avocent*, 552 F.3d at 1328; *Ticketreserve, Inc. v. Viagogo, Inc.*, No. 08 C 5202, 2009 WL 2475129, at *4 (N.D. Ill. Aug. 11, 2009). Therefore, the holding in *Avocent* controls the resolution of the motion to dismiss.

The facts in the instant case are similar to those in the *Avocent* case. In *Avocent*, a district court in Alabama granted defendant Aten International Co., Ltd.'s ("Aten's") Rule 12(b)(2)

3

motion to dismiss, finding that it did not have specific personal jurisdiction over the defendant company. The Federal Circuit affirmed that decision.  The plaintiff corporation brought a declaratory judgment action against Aten, seeking a finding of that it had not infringed two of Aten's patents.  At the time the declaratory judgment suit was filed, Aten had not sought to enforce the disputed patents in Alabama, but had initiated enforcement actions related to those patents against other parties in other states.   The Federal Circuit found that such activities were not sufficient to confer specific personal jurisdiction over Aten in Alabama.  *Avocent*, 552 F.3d at 1339.

Applying the holding in *Avocent* to the facts of this case, the Court finds that the CBOE has not met its prima facie burden of establishing specific personal jurisdiction over Realtime in Illinois.  When the CBOE filed the instant lawsuit on July 24, 2009, Realtime had not initiated any enforcement actions related to the disputed patents in Illinois and had not named the CBOE as a defendant in the Texas litigation.  Therefore, the Court finds that at the time the CBOE filed this case, Realtime had not purposefully directed enforcement activities at residents of the Illinois.  Therefore, the Rule 12(b)(2) motion to dismiss is granted.

**ORDERED:** Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) [19] is granted.  The complaint is dismissed.  This civil case is terminated.  It is so ordered.

**E N T E R**:

_George W. Lindberg_
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

**DATED**:  January 8, 2009